**UNITED STATES DISTRICT COURT FOR THE**
**THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HONG KONG PRIME SINCERITY E-COMMERCE LIMITED,<br><br>*Plaintiff*,<br>v.<br><br>DONGGUAN CASEKEY INDUSTRY CO., LTD.,<br><br>*Defendant*. | Civil Action No. 4:26-cv-1148<br><br>JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiff Hong Kong Prime Sincerity E-Commerce Limited dba North Ebshine Direct ("Plaintiff") seeks a declaratory judgment of patent non-infringement of certain wallet card holder products defined herein ("Accused Products") and invalidity against United States Patent No. 12,599,209 ("the '209 Patent") owned by DongGuan Casekey Industry Co., Ltd. ("Defendant").

## INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their

devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant DongGuan Casekey Industry Co., Ltd reported to Amazon meritless and bad faith "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the '209 Patent, and threatening to delist the Accused Products.

## NATURE OF THE ACTION

6. This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq,* and the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*.

7. This action arises from a complaint submitted by Defendant to Amazon.com concerning Plaintiff's Amazon listing under ASIN B0DTK64MRQ, threatening significant harm to Plaintiff.

**PARTIES**

8. Plaintiff Hong Kong Prime Sincerity E-Commerce Limited dba North Ebshine Direct is a limited company organized under the laws of China.

9. Upon information and belief, Defendant DongGuan Casekey Industry Co., Ltd. is limited company organized under the laws of China.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is a foreign entity residing in China and have done substantial business in the judicial district.

**THE ACCUSED PRODUCTS**

13. Plaintiff is an e-commerce company selling various wallet products on Amazon under the store named North Ebshine Direct.

14. The Accused Products at issue are wallet card holders identified by ASIN B0DTK64MRQ.

15. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for wallet card holders, Plaintiff needs their products listed in the Amazon marketplace.

16. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiff. In addition to the direct effects of monetary losses, the delisting of products will immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

**UNITED STATES PATENT NO. 12,599,209**

17. Defendant DongGuan Casekey Industry Co., Ltd. is the assignee of record of the '209 Patent, attached as Exhibit A.

18. The '209 Patent is entitled "Card Fixation Assembly for Card holder and Card holder" and generally discloses in independent claim 1: "A card fixation assembly for a card holder, comprising: a main body, a first elastic arm, a second elastic arm, a first clamping end, and a second clamping end, wherein a first elastic arm start end and a second elastic arm start end are connected to the main body; a first elastic arm tail end is connected to the first clamping end; a second elastic arm tail end is connected to the second clamping end; the first clamping end comprises a first protrusion; the second clamping end comprises a second protrusion; the first protrusion and the second protrusion are configured to limit displacement of a card; the first

protrusion comprises a first concave surface and a first convex surface; the first concave surface is matched with an arc of the card; the first convex surface is adjacent to the first concave surface, and is located at a tail end of the first protrusion; the second protrusion comprises a second concave surface and a second convex surface; the second concave surface is matched with the arc of the card; and the second convex surface is adjacent to the second concave surface, and is located at a tail end of the second protrusion." *Id*.

19. The '209 Patent was filed on August 18, 2023, and was issued on April 14, 2026. *Id*.

20. The '209 Patent claims priority to Chinese patent application no. 202320230872.1 filed February 16, 2023, and 202320399729.5, filed on March 6, 2024. *Id*.

21. The '209 Patent comprises night (9) claims all directed to a card holder. *Id.*

**DEFENDANT'S AMAZON COMPLAINT**

22. In and around August 2026, Defendant lodged a meritless Amazon infringement Complaint (Complaint ID: 21517273611) ("Complaint") against Plaintiff and the Accused Products.

23. Therein, Defendant identified the '209 Patent as the intellectual property asserted.

24. Amazon responded to the Complaints by requesting participation in an Amazon Patent Evaluation Express, after which the Accused Products may be removed or delisted.

**CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

25. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

26. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the ’209 Patent by the Accused Products, as evidenced by Defendant’s allegations of infringement on Amazon, as set forth above.

27. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally, or under the doctrine of equivalents, any claims of the ’209 Patent.

28. For example, the Accused Products do not comprise each and every element of exemplary claim 1 of the ’209 Patent. At least the following elements of claim 1 of the ’209 Patent are missing from the Accused Products: “the second concave surface is matched with the arc of the card; and the second convex surface is adjacent to the second concave surface, and is located at a tail end of the second protrusion.”

29. Plaintiff therefore requests a judicial declaration that the Accused Products do not infringe any claims of the ’209 Patent.

**COUNT II:**

**DECLARATORY JUDGMENT OF INVALIDITY**

30. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

31. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant as to the invalidity of the ’209 Patent, as evidenced by Defendant’s allegations of infringement on Amazon, as set forth above.

32. The Accused Products do not infringe any claim of the ’209 Patent in light of prior art known before the filing of the asserted ’209 Patent.

33. The claims of the ’209 are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (eligibility), 102 (anticipation), 103 (obviousness), 112 (indefiniteness, failure to satisfy the written description and/or enablement requirements, and/or failure to claim what the applicants regarded as their invention), for improper inventorship, and/or the rules, regulations, and laws pertaining thereto.

34. More specifically, claim 1 is either anticipated or rendered obvious at least in view of U.S. Patent No. 1,1653,729, which discloses a wallet with card holding mechanisms; U.S. Patent Pub. No. 20160045006, which discloses a card wallet.

35. Defendant’s baseless infringement reports on the Amazon.com platform have caused imminent and real threat of an infringement lawsuit.

36. Defendant’s baseless infringement reports on the Amazon.com platform have caused and will continue to cause ongoing and irreparable harm to Plaintiff.

37. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the ’209 Patent is invalid under 35 U.S.C. §§ 102 and 103.

**JURY DEMAND**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the ’209 Patent, and to refrain from lodging any further infringement complaints regarding the same;

B. A finding and declaratory judgment that the Accused Products do not infringe any claims of the ’209 Patent;

C. A declaration that any of the claims of the ’209 Patent are invalid and Plaintiff’s Accused Products do not infringe the ’209 Patent.

D. A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E. Such further and additional relief as the Court deems just and proper.

Dated: August 26, 2026

Respectfully submitted,

*/s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No.: 24067927

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972-331-4603
twang@nilawfirm.com

*Counsel for Plaintiff*